2001 ME 174

**Daniel P. McINTYRE**

v.

**Deirdre NICE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 30, 2001.
Decided: Dec. 20, 2001.

David B. McConnell, Esq., Perkins, Thompson, Hinckley & Keddy, P.C., Portland, for plaintiff.

Christian T. Chandler, Esq., Curtis Thaxter Stevens Broder & Micoleau, LLC, Portland, for Deirdre Nice.

Thimi R. Mina, Esq., Portland, for Stefani Nice.

Todd S. Holbrook, Esq., Bernstein, Shur, Sawyer & Nelson, P.A., Portland, for Nice Foods Corp.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Daniel P. McIntyre appeals from a summary judgment entered in the Superior Court (Cumberland County, *Crowley, J.*) in favor of Deirdre Nice on his claim for money lent. McIntyre argues, *inter alia,* that there is a genuine issue of material fact as to whether he lent the money to Deirdre or to Nice Food Corporation. We agree and vacate the judgment.

## I. CASE HISTORY

[¶ 2] The uncontested facts presented in the parties' statements of material facts may be summarized as follows:

[¶ 3] Deirdre and her sister, Stefani, own in equal shares Nice Food Corporation. Nice Food owns and operates Silly's Restaurant now located in Portland's East End. Nice Food wanted to purchase a building on Washington Avenue to permit Silly's to move to expanded facilities, but it needed a loan to finance the purchase.

[¶ 4] Daniel P. McIntyre was a social friend of Deirdre Nice. He agreed to make a loan and subsequently met with the Nice sisters and wrote three checks totalling $130,000 payable to Nice Food.

[¶ 5] After an unsuccessful effort to settle this dispute, McIntyre sued Deirdre Nice for fraud and money lent. Deirdre counterclaimed for assault and battery, breach of fiduciary duty, fraud, intentional infliction of emotional distress and civil conspiracy. Deirdre also brought suit against her sister, Stefani, and Nice Food for breach of fiduciary duty, dissolution, civil conspiracy, indemnification, and contribution; these claims were dropped after discovery. After Deirdre moved for a summary judgment, McIntyre moved to amend his pleading to include claims against Stefani and Nice Food.

[¶ 6] The court denied McIntyre's motion to amend, granted a summary judgment in favor of Deirdre on McIntyre's money lent count and denied a summary judgment on the fraud count. At the trial, on the fraud count, the court declined to admit a memorandum from a lawyer engaged by Deirdre and addressed to McIntyre on grounds that it was a settlement document. The court granted Deirdre's motion for judgment as a matter of law on the fraud count. McIntyre appeals from the court's denial of his motion to amend, its granting of a summary judgment on the money lent claim and its evidentiary ruling on the admissibility of the memorandum. McIntyre does not appeal from the court's disposition of his fraud claim.

## II. DISCUSSION

A. The Court's Grant of a Summary Judgment on the Money Lent Count

[¶ 7] "We review motions for summary judgment de novo for errors of law." *Estate of Charles Loyde Davis,* 2001 ME 106, ¶ 7, 775 A.2d 1127. Summary judgment is appropriate if the evidence viewed "in the light most favorable to the non-prevailing party ... supports the conclusion that there is no genuine issue of material fact and the prevailing party is entitled to a judgment as a matter of law." *Champagne v. Mid–Maine Med. Ctr.,* 1998 ME 87, ¶ 5, 711 A.2d 842.

[¶ 8] The three elements of a claim on money lent are: 1) the money was delivered to the defendant; 2) the money was intended as a loan; and 3) the loan has not been repaid. *Doughty v. Sullivan,* 661 A.2d 1112, 1123 (Me.1995). Deirdre argues that McIntyre did not deliver the funds to her but to Nice Food, as is evident from the checks made payable to the corporation. McIntyre asserts that he was unaware of any corporation until it came time to issue the checks and that he always understood the money to be a loan to Deirdre. In addition, he asserts that the checks are merely indicative of his performance on a prior oral agreement to loan money to Deirdre and made payable to Nice Food at the direction of Deirdre and her sister.

[¶ 9] Just who is a party to this loan is a question of material fact left unresolved by the parties' statements of material facts. A summary judgment was inappropriate in this case because McIntyre raised an issue of material fact as to whether the loan was to Deirdre Nice or Nice Food.

### B. McIntyre's Motion to Amend His Pleadings

[¶ 10] We review motions to amend pleadings for an abuse of discretion. *County Forest Prods., Inc. v. Green Mountain Agency, Inc.,* 2000 ME 161, ¶ 56, 758 A.2d 59. McIntyre's motion to amend came almost two and one-half years after his complaint was entered, after discovery had taken place in connection with his complaint and the related counterclaims and third-party actions, and after the motion for a summary judgment had been filed on behalf of the defendant. The court did not exceed the bounds of its discretion in denying McIntyre's motion to amend. In light of our vacation of the court's summary judgment, however, the court would not be precluded from considering a new motion to amend if one were to be filed.

### C. Admissibility of Settlement Memorandum

[¶ 11] McIntyre seeks to appeal an evidentiary ruling made during the fraud trial. McIntyre attempted to offer into evidence a memorandum to him written by a lawyer engaged by Deirdre. Because McIntyre has not appealed from the judgment in the fraud trial, he cannot appeal the evidentiary ruling. He seeks a review of the ruling because he anticipates offering the same memorandum into evidence in the trial on the money lent claim. The memorandum was referred to in his statement of material facts and was not rejected by the court in ruling on the summary judgment motion. It would be premature for us to rule on the admissibility of the memorandum in a trial on the money lent claim.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with this opinion.